IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bernard T. Smith, Jr., | ) Civil Action No. 8:16-cv-02886-HMH-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Terri Hozey, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's motion to dismiss. [Doc. 6.] Plaintiff is proceeding pro se. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff filed his employment action in the Greenwood County Magistrate's Court on July 15, 2016. [Doc. 1-1 at 4.] The action was removed to this Court on August 19, 2016. [Doc. 1.] Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), et seq. [Doc. 1-1 at 4.] Plaintiff also appears to assert a state law claim for defamation. [*Id.* at 5.] On August 22, 2016, Defendant filed a motion to dismiss. [Doc. 6.] Plaintiff filed a response in opposition on October 6, 2016 [Doc. 18], and Defendant filed a reply on October 14, 2016 [Doc. 20]. Accordingly, the motion to dismiss is ripe for review.

## **BACKGROUND**

Plaintiff brings this action against Terri Hozey ("Defendant"), the Plant Manager at Fuji Film in Greenwood, South Carolina. [Doc. 1-1 at 4, 6; Doc. 18.] The Complaint

asserts "Civil Rights - Title VII" and provides no additional information. [Doc. 1-1 at 4.] Plaintiff seeks $7,500.00 for "slander and pain and suffering" and $80.00 for court costs. [*Id.* at 5.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court "may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." *Sec'y of State for Def., v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir 2007) (citing Fed. R. Civ. P. 10(c)).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

## DISCUSSION[1]

**Title VII Claim**

As stated, Plaintiff asserts a claim under Title VII. Title VII prohibits discrimination by an "employer." 42 U.S.C. § 2000e–2. Defendant has moved to dismiss Plaintiff's claim on the ground that the claim cannot be asserted against Defendant in her individual capacity. [Doc. 6-1 at 4–6.] Defendant is correct that Fourth Circuit precedent expressly prohibits individual liability under Title VII. *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (holding Title VII does not provide for causes of action against defendants in their individual capacities); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (holding that Title VII does not provide for actions against individual defendants for violation of its provisions); *see also Lissau v. S. Food Serv. Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("[E]very circuit that has confronted this issue . . . has rejected claims of individual liability. . . . We join these courts and reiterate that supervisors are not liable in their individual capacities for Title VII violations."). Because Title VII does not provide for causes of action against individuals, Plaintiff's Title VII claim against Defendant fails. Accordingly, with respect to Plaintiff's Title VII claim, Defendant's motion to dismiss should be granted. **State Law Claim**[2]

---

[1] Plaintiff attached the following documents to his Complaint which the Court has considered in construing Plaintiff's allegations: the Affidavit and Itemization of Accounts [Doc. 1-1 at 5]; the U.S. Equal Employment Opportunity Commission right-to-sue letter [*id.* at 6]; the South Carolina Department of Employment and Workforce ("SCDEW") Determination by Claims Adjudicator [*id.* at 7]; the SCDEW Notice of Appeal to Appeal Tribunal [*id.* at 8]; the SCDEW Notice of Appeal Hearing [*id.* at 9]; and other personnel file documents [*id.* at 10–13].

[2] It is unclear from Plaintiff's Complaint whether Plaintiff is asserting a separate cause of action for defamation. [*See* Doc. 1-1 at 4.] While the Complaint itself does not

Plaintiff's defamation claim could be heard by this Court only through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims.[3]  Federal courts are permitted to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction."  Because the Court recommends that Plaintiff's claim over which it has original jurisdiction be dismissed, the Court further recommends that the district judge decline to exercise supplemental jurisdiction over Plaintiff's state law claim in this case and remand the state law claim to the state court where Plaintiff originally filed this action.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss be GRANTED with respect to Plaintiff's Title VII claim, and the action be REMANDED to the state court to address Plaintiff's remaining state law defamation claim.

---

mention defamation, the accompanying Affidavit filed with the State Court lists "Slander" and pain and suffering and the amount of $7,500.  [*Id.* at 5.]  Plaintiff's response appears to clarify that Plaintiff seeks to raise a state law defamation claim.  [Doc. 18.]

[3] A civil action for Plaintiff's state law claim could be cognizable in this Court under the diversity jurisdiction statute, if that statute's requirements are satisfied.  However, this Court does not have diversity jurisdiction in this case because the amount in controversy does not exceed $75,000.  *See* 28 U.S.C. § 1332.

IT IS SO RECOMMENDED.

                                                          s/Jacquelyn D. Austin
                                                       United States Magistrate Judge

October 18, 2016
Greenville, South Carolina