IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Bernard T. Smith, Jr., ) | |
| ) | C.A. No. 8:16-2886-HMH-JDA |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Terri Hozey, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Bernard T. Smith, Jr. ("Smith"), proceeding pro se, filed a complaint against Terri Hozey ("Hozey") asserting an employment discrimination claim in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). In addition, Smith alleges a state law claim for slander.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Smith was employed by Strataforce LLC, a temporary staffing agency, and worked in the Greenwood, South Carolina location of Fujifilm. (Def. Mot. Dismiss Ex. 1 (Mem. Supp. Mot. Dismiss 2), ECF No. 6-1.) Hozey is a human resources manager for Fujifilm. (Id. Ex. 1 (Mem. Supp. Mot. Dismiss 2 n.1), ECF No. 6-1.) In 2015, Smith was terminated from his position at

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit it with instructions. 28 U.S.C. § 636(b)(1).

1

Fujifilm. (Notice of Removal Ex. 1 (State Ct. Docs. 7), ECF No. 1-1.) Smith subsequently filed a request for unemployment benefits, which was denied. (Id. Ex. 1 (State Ct. Docs 7-10), ECF No. 1-1.) Additionally, Smith filed a claim of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dismissed on the basis that no violations of statutes had occurred. (Id. Ex. 1, (State Ct. Docs 6), ECF No. 1-1.)

On July 15, 2016, Smith filed the instant case in the Magistrate's Court of Greenwood County, South Carolina asserting "Civil Rights - Title VII." (Id. Ex. 1 (State Ct. Docs. 4), ECF No. 1-1.) The complaint does not contain any specific allegations but attaches several documents, including the Dismissal and Notice of Rights issued by the EEOC, documents relating to his claim for unemployment benefits, and various personnel file documents relating to him. (Id. Ex. 1 (State Ct. Docs, generally), ECF No. 1-1.) Smith seeks $7,500 for "slander and pain and suffering" and $80 for court costs. (Notice of Removal Ex. 1 (State Ct. Docs. 4), ECF No. 1-1.) On August 19, 2016, Hozey removed the case to federal court on the basis of federal question jurisdiction. See 28 U.S.C. § 1331. On August 22, 2016, Hozey filed the instant motion to dismiss. (Mot. Dismiss, ECF No. 6.) Smith responded on October 6, 2016. (Resp. Opp'n Mot. Dismiss, ECF No. 18.) On October 14, 2016, Hozey replied. (Reply, ECF No. 20.) Magistrate Judge Austin issued her Report and Recommendation on October 18, 2016, recommending that Hozey's motion to dismiss be granted with respect to the Title VII claim and that Smith's remaining slander claim be remanded to state court. (R&R, ECF No. 23.) Hozie filed objections on November 3, 2016. (Def. Objs., ECF No. 27.) Smith filed objections on November 7, 2016. (Pl. Objs., ECF No. 28). This matter is now ripe for review.

## II. REPORT AND RECOMMENDATION

Magistrate Judge Austin recommends granting Hozey's motion to dismiss Smith's Title VII claim because it seeks to hold Hozey individually liable, which is prohibited by Title VII. (R&R 4, ECF No. 23.) Magistrate Judge Austin also recommends the court decline to exercise supplemental jurisdiction over Smith's slander claim and remand it to the state court where Smith originally filed this case. (Id. at 4-5, ECF No. 23.)

## III. OBJECTIONS

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Hozey specifically objects that the magistrate judge erred by recommending that the court not retain supplemental jurisdiction over Smith's slander claim. (Def. Objs. 2-5, ECF No. 27.) Hozey argues that the factors the court must consider support the exercise of supplemental jurisdiction. (Id., ECF No. 27.) Hozey further objects that the slander claim should be dismissed. (Id., ECF No. 27.) Hozey argues that the complaint fails to state a claim with the required degree of specificity. (Id., ECF No. 27.) Smith also filed objections. Upon review, the court finds that Smith's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Thus, the court adopts the magistrate judge's recommendation to dismiss the Title VII claim.

Hozey objects that the magistrate judge erred by not recommending that the court retain supplemental jurisdiction and dismiss Smith's slander claim. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001). Because dismissing the Title VII claim removes the sole federal claim and basis for original jurisdiction, the court finds that remand of the slander claim is warranted. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Based on the foregoing, the court declines to exercise supplemental jurisdiction over the remaining state law claim.

4

Therefore, it is

**ORDERED** that Hozey's motion to dismiss, docket number 6, is granted with respect to the Title VII claim.  It is further

**ORDERED** that the Clerk of Court remand the remaining slander claim to the Magistrate's Court for the State of South Carolina.

**IT IS SO ORDERED**.

                                                      s/Henry M. Herlong, Jr.
                                                      Senior United States District Judge

Greenville, South Carolina
November 22, 2016

### NOTICE OF RIGHT TO APPEAL

The Plaintiff and Defendant are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.